# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-30637
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 30, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TRYTON ALONZO THOMAS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-275-1

---

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Tryton Alonzo Thomas pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) (prohibiting unlawful acts with controlled substance), (b)(1)(A)(viii) (outlining sentencing for "50 grams or more of methamphetamine"), 846 (prohibiting conspiracy). He was sentenced, *inter alia*, to 262 months'

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

imprisonment, based in part on a career-offender enhancement under Guideline § 4B1.1.

Thomas contends his instant offense is not a qualifying controlled-substance offense. *See* Guideline § 4B1.2 cmt. n.1 (amended 2023) (defining terms). He maintains: the Guideline language does not include inchoate offenses; and, although the commentary does include such offenses, the commentary is inconsistent with the text of the Guideline.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As reflected above, Guidelines interpretation and application are reviewed *de novo*. *E.g.*, *United States v. Sam*, 467 F.3d 857, 861 (5th Cir. 2006). Following completion of briefing in this case, our court, *en banc*, rejected a contention identical to Thomas'. *United States v. Vargas*, 74 F.4th 673, 690, 697–98 (5th Cir. 2023) (en banc) ("[W]e reaffirm our longstanding precedent that inchoate offenses like conspiracy are included in the definition of 'controlled substance offense'".).

AFFIRMED.